IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Amanda L. Justen, <br><br> Plaintiff, <br><br> v. <br><br> Wellpath LLC <br><br> Defendant. | Case No.: 24-cv-50310 <br><br> Judge Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

Defendant Wellpath LLC filed a notice of Termination of Stay and Discharge of Claims with the Court [12]. Wellpath's notice asked the Court to terminate the stay and discharge the underlying claims. *Id.* Wellpath's request is granted in part and denied in part for the following reasons.

**Background**

Wellpath is a provider of healthcare services to prisons and jails. *See* dkt. 1. Wellpath employed Amanda Justen as a healthcare professional providing healthcare services to inmates at the McHenry County jail until Wellpath terminated her employment in October 2022. *Id.* In July 2024, Justen filed a complaint with this Court alleging that Wellpath violated Title VII of the Civil Rights Act of 1964 by discriminating against her because of her sex by failing to prevent sexual harassment and terminating her employment after she reported the harassment. *Id.* For relief, she requested an injunction ordering reinstatement along with backpay and monetary damages. *Id.*

In November 2024, Wellpath filed a voluntary Chapter 11 petition for bankruptcy. Dkt. 7. This automatically stayed all lawsuits against it. *Id.* In January 2025, the Court received notice of the bankruptcy and stayed these proceedings. Dkt. 8. In May 2025, the bankruptcy court entered an order adopting a Plan of Reorganization discharging liability for claims against Wellpath that accrued before the bankruptcy. Dkt. 12. In June 2025, the bankruptcy court lifted the stay and, in July 2025, Wellpath notified the Court of the bankruptcy court's actions. *Id.*

**Discussion**

Wellpath requests that this Court terminate the stay and dismiss the underlying claims. It contends that the bankruptcy court's plan of reorganization discharged Justen's claims. *Id.* Justen asserts that the bankruptcy court's actions don't extinguish her requests for non-monetary relief and that her retaliation claim is exempt from discharge under 11 U.S.C. § 523(a)(6). Dkt. 15.

Wellpath also argues that Justen can no longer contest the discharge of her claims because, "a complaint to determine whether a debt is dischargeable under §523(c) must be filed within 60 days after the first date set for the §341(a) meeting of creditors." Fed. R. Bankr. P. 4007(c); dkt. 19. According to Wellpath, the first date set for a meeting was January 7, 2025, meaning Justen's opportunity to file a complaint passed on March 8, 2025. Dkt. 19.

A discharge under § 1141 of the Bankruptcy Code discharges all debts that arose before bankruptcy not covered by an exception. 11 U.S.C. § 1141. Debt is "liability on a claim." 11 U.S.C. § 101(12). A claim is either a:

2

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C. § 101(5).

In *Ohio v. Kovacs*, the Supreme Court concluded that an injunction that required the payment of money was a "claim." 469 U.S. 274, 282–83 (1985). Interpreting *Kovacs*, the Seventh Circuit concluded that an equitable remedy for breach of performance is a "claim" and dischargeable if, when it turns out the equitable remedy is unobtainable, a money judgment is instead available. *United States v. Apex Oil Co.*, 579 F.3d 734, 736 (7th Cir. 2009). If payment is an alternative or a close substitute to the requested injunctive relief, it is a claim. *Matter of Udell*, 18 F.3d 403, 408 (7th Cir. 1994). But if the request is for forward-looking injunctive relief, it may not be discharged if it cannot be replaced with a monetary payment. *See Apex*, 579 F.3d at 737 (holding that bankruptcy didn't discharge an injunction requiring an environmental clean-up).

Reinstatement is a request for injunctive relief. When it is not available, front pay may be awarded. *Williams v. Pharmacia, Inc.*, 137 F.3d 944, 951 (7th Cir. 1998). Because the alternative to the injunctive relief is monetary payment, this claim was discharged in the bankruptcy proceeding and is now dismissed from this action. *See Rederford v. U.S. Airways, Inc.*, 589 F.3d 30, 37 (1st Cir. 2009) (dismissing a claim for reinstatement on the grounds that front pay was available in

3

employment discrimination cases). Stated differently, because front pay can replace the injunctive relief of reinstatement, reinstatement is a dischargeable debt.

Justen sought "appropriate" equitable relief from the Court in her complaint. Dkt. 1. In her response to the motion to lift the stay and discharge the claims, she now clarifies that she is seeking an injunction ordering future changes such as "mandatory training and policy reforms to prevent future retaliation." Dkt. 15. This type of prospective relief is not a claim for the purposes of the bankruptcy code because it has no monetary equivalent and is forward-looking. *Apex*, 579 F.3d at 737; s*ee Dalvit v. United Airlines, Inc.*, 359 F. App'x 904, 910 (10th Cir. 2009) (holding that a request under Title VII to correct personnel files had no monetary equivalent); *see also Rederford*, 589 F.3d at 37 (1st Cir. 2009) ("if the equitable remedy involves the abatement of ongoing conduct that is causing harm, rather than the remediation of past harms, the remedy is not a 'repackaged claim for damages' and does not threaten the finality of the proceedings."). Without commenting on the merits of Justen's claim or the likelihood of her receiving the requested relief, Justen's request for an injunction was not discharged by bankruptcy and is not dismissed from the action.

Justen also sought damages related to retaliation. A backpay order is an order to pay and is dischargeable provided there is no specific exception in the bankruptcy code. *Apex*, 579 F.3d at 736. Justen tries to avoid discharge of her claims by shoehorning the backpay order as well as claims related to retaliation under 11 U.S.C. § 523(a)(6). In the preamble, § 523(a) specifies that "a discharge

4

under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge *an individual debtor* from any debt—" 11 U.S.C. § 523(a) (emphasis added). Wellpath entered bankruptcy through § 1141. Dkt. 12. Under § 1141's discharge rules, as a corporate debtor, § 523's exceptions do not apply to Wellpath. *Boyle v. PMA Med. Specialists, LLC*, 754 F. App'x 93, 96 (3d Cir. 2019) (unpublished); 4 Collier on Bankruptcy ¶ 523.02 (16th 2025); 8 Collier on Bankruptcy ¶ 1141.05 (16th 2025). Justen's claims for monetary relief are discharged and dismissed from the action.

Justen seeks a declaratory judgment that Wellpath violated the law. A declaratory judgment can't be converted into the payment of money. *See* 28 U.S.C 2201 ("any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."). Plaintiffs request for declaratory judgment isn't a claim under the bankruptcy code and it can't be discharged through bankruptcy.

**Conclusion**

Wellpath's motion to terminate the stay and discharge the underlying claims is granted in part and denied in part. The stay is lifted. Justen's claims for reinstatement, backpay, and other monetary damages are dismissed. Claims for prospective injunctive relief and declaratory relief remain. Again, the Court won't comment on the merits of the claims, but the Court is duty-bound to independently ensure that it has jurisdiction to hear all aspects of an action. *See Bender v.*

*Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *Buchel-Ruegsegger v. Buchel*, 576 F.3d 451, 453 (7th Cir. 2009); *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004). Because the Court discharges the request for the injunctive relief of reinstatement, it questions Justen's standing to seek prospective injunctive relief. The Court doesn't question Justen's standing to seek her declaratory relief. By October 10, 2025, the parties must file position papers on the issue of whether Justen possesses standing to seek the non-discharged injunctive relief. The Court also takes this opportunity to encourage the parties to amicably resolve this action.

Entered: September 26, 2025           By: _____
                                                                   Iain D. Johnston
                                                                   U.S. District Judge